IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| KEVIN WEBB, individually and as representative of the Estate of ROBERT ALLEN WEBB, et al.<br>　　Plaintiffs<br><br>vs.<br><br>BRAD LIVINGSTON, et al.<br>　　Defendants | § § § § § § § § § § | Civil Action No. 6:13cv711<br>CONSOLIDATED WITH<br>*Adams v. Livingston*, 6:13cv712<br>*Togonidze v. Livingston*, 6:14cv93 |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Kevin Webb, individually and as representative of the Estate of Robert Allen Webb, along with two daughters and the mother of decedent Webb, filed this lawsuit pursuant to the Eighth and Fourteenth Amendments under 42 U.S.C. § 1983; Title II of the Americans with Disabilities Act ("ADA"), and the Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. § 13131, *et seq.*; and Section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794. The lawsuit was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation (docket entry #96) concluding that the undersigned's previous Order (docket entry #85) should be incorporated by reference and made applicable to the Second Amended Complaint in this case; Defendants Livingston, Thaler and Stephens' Motion to Dismiss the Second Amended Complaint and Defendant Dr. Murray's Supplemental Motion to Dismiss; and all other proceedings subsequent to the filing of the Second Amended Complaint. The Magistrate Judge also recommended that the Defendants' Motion to Dismiss on the grounds of qualified immunity be deferred and carried and that discovery limited to the

1

subject of qualified immunity proceed against these Defendants and that a determination on the issue of qualified immunity be made upon completion of such discovery, consistent with *Backe v. LeBlanc*, 691 F.3d 645, 648-49 (5th Cir. 2012).

Defendants Livingston, Thaler and Stephens have filed objections (docket entries #111 & 112). By and large, they repeat their arguments from their first Motion to Dismiss, along with numerous other pleadings filed at about the same time. They argue that the Second Amended Complaint does not identify any personal conduct or involvement by any of them with regard to Mr. Webb's death and that the allegations it contains are largely based on *respondeat superior*. These are fundamentally the same arguments Defendants have made before, when the Court directed that discovery limited to qualified immunity proceed and that the issue be determined on summary judgment. The Court notes that Defendants' instant argument remains founded on Fed. R. Civ. P. 12(b)(6). They have added that on April 4, 2014, Plaintiffs propounded additional discovery, which they contend they will provide by its due date on or about May 5, 2014, and suggest that these responses, together with their prior responses in this and other cases, should be all that is necessary. However, the Court also notes that after filing these objections, Defendants have also filed at least two sets of motions for protective orders and objections to the same April 4, 2014, discovery requests, to which Plaintiffs have not yet had an opportunity to respond. Despite Defendants' arguments, discovery on the issue of qualified immunity has not yet been completed and their arguments based on purported differences between Plaintiffs' Second Amended Complaint and their earlier pleadings are no stronger than in their original motions.

The Report and Recommendation of the Magistrate Judge, which contain his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Defendants

Livingston, Thaler and Stephens, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation (docket entry #96) is **ADOPTED**. It is further

**ORDERED** that this Court's Order issued March 13, 2014 (docket entry #85), is **INCORPORATED HEREIN BY REFERENCE** and is hereby **MADE APPLICABLE** to the Second Amended Complaint (docket entry #83); to Defendants Livingston, Thaler and Stephens' Motion to Dismiss the Second Amended Complaint (docket entry #92); to Defendant Dr. Murray's Supplemental Motion to Dismiss (docket entry #80); and all other proceedings subsequent to the filing of the Second Amended Complaint. It is further

**ORDERED** that the issue of qualified immunity, as expressed in Defendants' respective Motions to Dismiss, be **DEFERRED** and **CARRIED** and that discovery limited to the issue of qualified immunity proceed, with a determination on the issue of qualified immunity to be made upon completion of such discovery, consistent with *Backe*, 591 F.3d at 648-49.

**It is SO ORDERED**.

**SIGNED this 5th day of May, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE